**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 11 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

TEODORO BATALLA-HURTADO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    17-70348

Agency No. A205-975-861

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2022[**]
Phoenix, Arizona

Before:  PAEZ, CLIFTON, and WATFORD, Circuit Judges.

Petitioner Teodoro Batalla-Hurtado ("Batalla-Hurtado") petitions for review

of the Board of Immigration Appeals' ("BIA") order affirming an immigration

judge's ("IJ") denial of his applications for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT").  We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. "We review the [BIA's] legal [rulings] de novo . . . and its factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citations omitted). We deny the petition.

1.      As a threshold matter, the BIA correctly held that Batalla-Hurtado's asylum claim is time-barred. "Applications for asylum must be filed within one year of an alien's arrival in the United States." *Fakhry v. Mukasey*, 524 F.3d 1057, 1062 (9th Cir. 2008) (citing to 8 U.S.C. § 1158(a)(2)(B)). "[C]hanged circumstances which materially affect the applicant's eligibility for asylum," *id*. (internal quotations omitted), or extraordinary circumstances relating to the delay in filing an application may excuse the deadline. *Singh v. Holder*, 656 F.3d 1047, 1052 (9th Cir. 2011).

Batalla-Hurtado entered the United States in 2005 but did not file his application for asylum until 2013, roughly eight years later. Despite this delay, he contends his application is not time-barred because the cartel's killing of his father in 2011 constitutes changed circumstances. Even assuming Batalla-Hurtado's father's death constitutes changed circumstances, this argument fails because his application was not filed "within a reasonable period given those 'changed circumstances.'" 8 C.F.R. § 1208.4(a)(4)(ii).

Specifically, he offers no explanation for the near two-year delay in filing his asylum application after his father's death in 2011. In the absence of special

2

considerations, this delay is unreasonable. *Husyev v. Mukasey*, 528 F.3d 1172, 1182 (9th Cir. 2008). Similarly, Batalla-Hurtado fails to allege any extraordinary circumstances to excuse the delay in his filing. 8 C.F.R. § 1208.4(a)(5). Ignorance of the law does not qualify as an excuse. *Antonio-Martinez v. INS*, 317 F.3d 1089, 1093 (9th Cir. 2003) (citing to *Cheek v. United States*, 498 U.S. 192, 199 (1991)). Moreover, Batalla-Hurtado does not explain how his father's death directly related to his inability to file a timely asylum application.

2.      Because the agency properly rejected Batalla-Hurtado's asylum application, we turn to his claim for withholding of removal.

Batalla-Hurtado alleged fear of future persecution due to his membership in two social groups: (1) "Mexican nationals that have lived in the United States for an extended period of time without returning to Mexico"; and (2) "[the Batalla-Hurtado] family."[1] The first social group is not cognizable as it lacks particularity and does not have the requisite social distinction. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151 (9th Cir. 2010) (reasoning that a social group of "returning Mexicans from the United States" is not cognizable).

---

[1] The court lacks jurisdiction to consider any social groups raised for the first time on appeal. *Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004); *see also Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1084 (9th Cir. 2020) (citing to *Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 191 (BIA 2018) (noting that "it is an applicant's burden to specifically delineate her proposed social group.")).

3

Regarding the second group, Batalla-Hurtado fails to establish the requisite "nexus." *Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016); *Garcia v. Wilkinson*, 988 F.3d 1136, 1143 (9th Cir. 2021). Specifically, Batalla-Hurtado was not persecuted "on account of" his familial status. *Id.* Batalla-Hurtado repeatedly testified that he and his family were targeted because they refused to join the cartel's operations. He testified that this treatment was not unique to his family as other families in the area were similarly targeted. The record also does not compel a finding that the cartel singled out his family due to some underlying animus or other reason. Rather, he and his family were targeted for general recruitment purposes. Substantial evidence thus supports the BIA's dismissal of Batalla-Hurtado's claim for withholding of removal.

3. Batalla-Hurtado's CAT claim is waived. Batalla-Hurtado failed to challenge the IJ's decision on his CAT claim before the BIA and does not address this failure in his opening brief. The court thus lacks jurisdiction to review this claim as Batalla-Hurtado failed to exhaust his administrative remedies. 8 U.S.C. § 1252(d)(1); *see Barron*, 358 F.3d at 678 (holding that this court lacks subject-matter jurisdiction over unexhausted legal claims); *see also Honcharov v. Barr*, 924 F.3d 1293, 1296 n.2 (9th Cir. 2019) (per curiam).

4. Finally, the agency did not err in declining to administratively close this case. Batalla-Hurtado does not contend that he has any pending immigration

application, petition, or appeal outside of his control. *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 893 (9th Cir. 2018). Administrative closure is therefore unwarranted.

**PETITION DENIED.**